UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DeLOVE R. BENNETT,

Plaintiff,

v.

9:25-CV-1173
(GTS/ML)

SHAEEZA BIBI KAHN, *Health Svcs. Administrator;* DR. AHMED BUTT; SCOTTLAND RIDER, *Phys. Assis.*; and BROOME COUNTY,

Defendants.

---

APPEARANCES: OF COUNSEL:

DeLOVE R. BENNETT, No. 25-B-0628
Plaintiff, *Pro Se*
Wyoming Correctional Facility
P.O. Box 501
Attica, New York 14011

BARCLAY DAMON, LLP
Counsel for Defendants Kahn, Butt, and Rider
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604-2072

PAUL A. SANDERS, ESQ.
RADHIKA SHUKLA, ESQ.

HON. CHERYL D. SULLIVAN
Broome County Attorney
Counsel for Defendant Broome County
Broome County Office Building
60 Hawley Street
P.O. Box 1766
Binghamton, New York 13902-1766

JOSHUA T. TERRELL, ESQ.
Assistant County Attorney

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by DeLove R. Bennett ("Plaintiff") against Broome County, Shaeeza Bibi Kahn, Dr. Ahmed Butt, and Scottland Rider ("Defendants"), is United States Magistrate Judge Miroslav Lovric's Report and Recommendation recommending that the motion to dismiss filed by Defendant Broome County (Dkt. No. 8) be denied, and the motion to dismiss filed by Defendants Kahn, Butt and Rider (Dkt. No. 17) be granted. (Dkt. No. 41.) Defendant Broome County filed partial Objections to the Report and Recommendation, to which Plaintiff filed a response. (Dkt. Nos. 42, 44.)

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Lovric's Report and Recommendation

Generally, in his Report and Recommendation, Magistrate Judge Lovric made two specific findings. (Dkt. No. 41.) First, Magistrate Judge Lovric determined that Defendant Broome County's motion to dismiss should be denied for the following reasons: (a) as to Defendant Broome County's arguments that Plaintiff's claims pursuant to the Americans with Disabilities Act ("ADA") and Rehabilitation Act should be dismissed for failure to state a claim and for mootness, Magistrate Judge Lovric rejected Defendant Broome County's argument that Plaintiff's transfer out of Broome County Correctional Facility before commencing this action rendered his claims moot because it is not clear at this stage in the litigation whether Plaintiff may be entitled to any relief on these claims, and that, because Plaintiff has alleged he was assigned to an unfavorable unit because of his disability, Defendant Broome County's argument that Plaintiff has failed to state a claim should be rejected; and (b) Magistrate Judge Lovric rejected Defendant Broome County's argument that Plaintiff's claims should be dismissed for

failing to exhaust administrative remedies because it was unclear whether Plaintiff had exhausted remedies based on the allegations, Plaintiff has not had an opportunity for full discovery on this issue, and materials presented by Defendant Broome County in support of this argument fall outside the pleadings and therefore cannot be considered on this motion to dismiss. (Dkt. No. 41, at 14-19.)

Second, Magistrate Judge Lovric determined Defendants Kahn, Butt, and Rider's motion to dismiss should be granted for the reasons stated in their memoranda of law. Further, Magistrate Judge Lovric noted the following: (1) as to those Defendants' argument that Plaintiff failed to allege personal involvement, Plaintiff's Complaint is devoid of any specific allegations against those Defendants as to how they are responsible for any of the conduct alleged by Plaintiff; and (2) as to Plaintiff's deliberate medical indifference claims, Plaintiff allegations that he was prescribed Ozempic by his primary care physician but was instead treated with insulin injections while incarcerated is nothing more than a disagreement with medical treatment that does not give rise to a Section 1983 claim, and his allegation that he was given an improper dose of a different medication does not constitute deliberate indifference, but rather, at most, medical malpractice that is not actionable under Section 1983. (Dkt. No. 41, at 19-22.)

**B. Broome County's Objections to the Report and Recommendation**

Generally, in its objections, Defendant Broome County asserts that Plaintiff's ADA and Rehabilitation Act claims against it should be dismissed based on Plaintiff's failure to exhaust administrative remedies under the PLRA. (Dkt. No. 42.) More specifically, Defendant Broome County argues that (1) Plaintiff failed to produce any evidence which shows he exhausted his remedies to counter the evidence presented with Defendant Broome County's motion, and (2)

although Plaintiff alleges he was denied reasonable accommodations to pursue his grievances (i.e., because the jail did not have a law library clerk or anyone to assist with writing or typing grievance claims), records show Plaintiff had filed 11 prior grievance claims and two federal lawsuits related to different issues while housed at the Broome County Jail. (*Id.*)

### C. Plaintiff's Response to Broome County's Objections

Generally, in his response to Defendant Broome County's objections, Plaintiff argues that the assertion that he failed to exhaust his administrative remedies has already been raised and rejected, such that Defendant Broome County should be collaterally estopped from reasserting this claim. (Dkt. No. 44.) Plaintiff further argues that Magistrate Judge Lovric correctly found that it would be improper to consider Defendant Broome County's extrinsic evidence on this motion because exhaustion under the PLRA is an affirmative defense. (*Id.*)

## II. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report and Recommendation, the Court can find no error (clear or otherwise) in the Report and Recommendation.[1] Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report

---

[1] When a specific objection is made to a portion of a magistrate judge's report and recommendation, the Court subjects that portion of the report and recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). When no specific objection is made to a report and recommendation, the Court subjects that report and recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

and Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 41.) To those reasons, the Court adds the following points to address the specific objection made by Defendant Broome County, which is subject to *de novo* review.

Defendant Broome County objects to the Report and Recommendation, arguing that Magistrate Judge Lovric erred in declining to consider presented extrinsic evidence related to whether Plaintiff exhausted his administrative remedies pursuant to the PLRA. (Dkt. No. 42, at 6-8.) However, the Supreme Court has clearly held that "failure to exhaust is an affirmative defense under the PLRA," meaning "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 101 (2006) (finding that the exhaustion requirement is not jurisdictional). Moreover, the Second Circuit has consistently held that "'a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion [only] if the defense appears on the face of the complaint,'" because "affirmative defenses, like the statute of limitations, 'often require consideration of facts outside of the complaint and thus are inappropriate to resolve on a motion to dismiss.'" *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 149-50 (2d Cir. 2024) (quoting *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 [2d Cir. 2008]; *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 [2d Cir. 2013]). As a result, Defendant Broome County's motion regarding exhaustion is subject to the same restrictions regarding the consideration of extrinsic evidence applicable to any motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), namely the only matters outside of the four corners of the complaint that the Court may properly consider are (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

In its Objections, Defendant Broome County does not argue that any of these circumstances apply to the evidence of other unrelated grievances that Plaintiff had filed during his time at the Broome County Jail, seeming to rely instead upon an assertion that the motion related to exhaustion was properly pursuant to Fed. R. Civ. P. 12(b)(1) rather than Fed. R. Civ. P. 12(b)(6). However, as discussed above, exhaustion is not jurisdictional, and thus does not fall within the scope of Fed. R. Civ. P. 12(b)(1). As a result, to prevail on its motion to dismiss related its affirmative defense of exhaustion, that affirmative defense must appear on the face of the Complaint or be based on extrinsic evidence that the Court may properly consider.

As an initial matter, a failure to exhaust is not apparent from the face of the Complaint because Plaintiff does not make any allegations that suggest he failed to file a grievance or otherwise failed to exhaust his remedies. (Dkt. No. 1.) As to the extrinsic evidence presented, various other grievances that Plaintiff has filed on unrelated matters do not fall into any of the relevant categories for the consideration of extrinsic evidence, and thus may not be considered. To the extent that Defendant Broome County relies upon statements made by Plaintiff in his opposition memorandum of law as to the motion to dismiss, while Plaintiff does appear to implicitly admit he did not file a grievance as to the relevant issue, he notably explains that this was because of "significant barriers and policy and procedure set by Broome County Jail" that "prevented the exhaustion of remedies," including (a) not having access to a law clerk to help him complete the grievance form given that "he cannot use his hands to type or write and is at

the mercy of other individuals who may or may not choose to assist," (b) the lack of an official policy by Broome County through which an inmate can obtain such a reasonable accommodation, and (c) the fact that grievance forms are only available upon request from an officer who can then decide who may file a grievance and on what issues. (Dkt. No. 29, Attach. 1, at 8-9.) To the extent that these additional statements in Plaintiff's memorandum can be used to supplement the Complaint based on his *pro se* status, they plausibly suggest that any failure to exhaust was due to Defendant Broome County's own actions and those of its jail personnel. *See Pease v. Hartford Life and Accident Ins. Co.*, 449 F.3d 435, 445 (2d Cir. 2006) (indicating that whether administrative remedies were actually available and whether there were any special circumstances to justify an incarcerated person's failure to comply with the procedural requirements are relevant considerations in determining whether a plaintiff can rebut an affirmative defense of failure to exhaust). As a result, even considering those additional factual allegations, the face of the Complaint does not indicate a failure to exhaust sufficient to meet Defendant Broome County's burden to establish its affirmative defense on this motion.

As Magistrate Judge Lovric notes, the fact that the Court declines to dismiss on the basis of exhaustion at this stage does not preclude Defendant Broome County from again raising that argument on a future motion for summary judgment. (Dkt. No. 41, at 18.) But, at this stage, there is no proper basis to find that Plaintiff's claim against Defendant Broome County should be dismissed for failure to exhaust.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report and Recommendation (Dkt. No. 41) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant Broome County's motion to dismiss (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that Defendants Kahn, Butt, and Rider's motion to dismiss (Dkt. No. 17) is **GRANTED**, and the medical indifference claims remaining against those three Defendants are **DISMISSED** for failure to state a claim, such that the Clerk of Court is directed to terminate Defendants Kahn, Butt, and Rider from this action.

Dated: October 14, 2026
Syracuse, New York



HON. GLENN T. SUDDABY
United States District Judge